**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)                                    *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **REGINALD BARBOUR,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **KEYSTONE QUALITY** | : | |
| **TRANSPORT COMPANY,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Reginald Barbour (hereinafter "Plaintiff"), by and through his attorney, Koller

Law, LLC, bring this civil matter against Keystone Quality Transport Company (hereinafter

"Defendant"), for violations of Title VII of the Civil Rights Act ("Title VII"), as amended, the

Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance

("PFPO"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing in Philadelphia, PA.

3. Upon information and belief, Keystone Quality Transport Company is a medical
   transportation company with a location at 1759 N 49th Street, Philadelphia, PA 19131 and
   corporate headquarters at 1260 E Woodland Avenue, Springfield, PA 19064.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment.  In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer.  In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII, PHRA and the PFPO.

13. On or about April 23, 2025, Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging gender discrimination against Defendant.

14. The Charge was assigned a Charge Number 530-2025-05555 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") relative to the Charge and that Notice is dated March 25, 2026. Plaintiff received the notice by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter, as it relates to his federal law claims, and more than one year after filing a charge of discrimination, but within two (2) years of the issuance of the Right to Sue, in this matter as it relates to his PHRA and PFPO claims.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

### PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is male.

21. In or around April 2024, Defendant hired Plaintiff as a Transporter Driver/Aide.

22. Plaintiff was well qualified for his position and performed well.

### PLAINTIFF'S SUPERVISOR BERATED PLAINTIFF FOR NOT MAKING A LAST-MINUTE STOP, BUT DID NOT REPRIMAND HIS FEMALE COWORKER WHO REFUSED TO COMPLETE THE LAST-MINUTE STOP

23. On or about December 12, 2024, Yolanda Last Name Unknown ("LNU") (female), Supervisor, assigned Plaintiff to do a shuttle transportation assignment with a female partner, Myshay LNU, Transporter Driver/Aide.

24. On this assignment, Myshay was assigned to operate the radio and communications, while Plaintiff drove.

25. The two stopped on break near the end of their shift.

26. During this break, Myshay informed Plaintiff that Yolanda wanted the two to make a last-minute stop.

27. However, Myshay said "I'm not doing that", or words to that effect, and refused to complete the last-minute stop Yolanda instructed her to do.

28. Myshay forced Plaintiff to drive back to the base of Defendant instead of doing this final assignment.

29. On the drive back, Yolanda called Plaintiff.

30. Plaintiff did not see that Yolanda had called him until after he arrived back at the base.

31. Plaintiff then called Yolanda back.

4

32. Yolanda asked what happened and proceeded to ridicule and interrogate Plaintiff for this incident, despite it being Myshay's insubordination.

33. Upon information and belief, Myshay did not get ridiculed or disciplined for this incident.

## PLAINTIFF'S FEMALE COWORKER REFUSED TO ASSIST HIM WHEN A PARTICIPANT ASSAULTED HIM WHILE HE WAS DRIVING

34. On another occasion around the same time, Yolanda assigned Plaintiff to drive a route with Raine LNU (female), Aide.

35. During this trip, the participant Plaintiff was driving began to assault him, throwing bottles at him.

36. Raine refused to step in and help Plaintiff to defuse the situation.

## RAINE REFUSED TO PERFORM HER JOB DUTIES WHICH FORCED PLAINTIFF TO COMPLETE THEM

37. Whenever Plaintiff drove with Raine thereafter, she refused to perform her job duties as an Aide, including pulling, walking, and pushing wheelchair participants to and from facilities, being eyes and ears for the rear shuttle to relay information to Plaintiff as a Driver (such as client pick up drop off locations and dispatch times).

38. Not only did this make Plaintiff's job duties nearly impossible to complete, but Plaintiff was forced to fulfill Raine's duties due to Raine's insubordination and lack of job performance.

## PLAINTIFF COMPLAINED ABOUT RAINE'S REFUSAL TO COMPLETE HER JOB DUTIES AND WAS THREATENED WITH A WRITE UP IN RESPONSE

39. Plaintiff complained to Yolanda and Khalil LNU, Site Supervisor, in person about this.

40. Plaintiff asked Yolanda and Khalil to be removed from the one (1) route that Raine was consistently on.

41. Khalil refused to do this and instead responded that he was going to issue Plaintiff a written discipline for refusing to work with Raine.

## YOLANDA RIDICULED PLAINTIFF FOR ARRIVING SEVERAL MINUTES LATE DUE TO POOR WEATHER CONDITIONS

42. On or about January 15, 2025, Yolanda ridiculed Plaintiff for arriving a few minutes late to work.

43. Plaintiff explained that he takes public transportation to work and it was delayed due to the bad winter weather.

## FEMALE TRANSPORTER DRIVERS/AIDES WERE PLACED ON ONE ROUTE, WHILE PLAINTIFF CONSISTENTLY HAD HIS ROUTE AND VEHICLE CHANGED

44. Importantly, female Transporter Drivers/Aides at Defendant were placed on one routine route.

45. However, Plaintiff's route and vehicle changed on a regular basis.

## KHALIL ASSIGNED PLAINTIFF A VEHICLE WITH SIGNIFICANT MAINTENANCE ISSUES

46. On or about January 21, 2025, Khalil told Plaintiff, and Beth LNU, Dispatcher, over the phone, that he should return his work vehicle to the mechanic shop before the end of the work day and that it was the only van available to operate.

47. Khalil knew the vehicle already had maintenance issues, including engine stalling, and it was a particularly cold morning.

48. While Plaintiff was driving that day, he noticed that the heat was not working in the back of the vehicle after he picked up and dropped off a participant.

## PLAINTIFF INFORMED DEFENDANT OF THE MAINTENANCE ISSUES AND WAS INSTRUCTED TO RETURN TO DEFENDANT'S BASE

49. Plaintiff notified Amy LNU, Dispatcher, that the front heat of the vehicle was barely working and the back heat was not working at all.

50. Plaintiff stated that there were holes in the driver's side door and driver's side floor of the vehicle.

51. Plaintiff stated he was very cold because of this.

52. Amy responded by instructing Plaintiff to return to Defendant's base.

## PLAINTIFF WENT HOME TO GET EXTRA SOCKS DURING HIS BREAK

53. Plaintiff decided to put on extra socks and take a fifteen (15) minute bathroom break, which Plaintiff is always allowed to do, in order to keep himself warm during his down time as he had no assigned clients for transport for two (2) hours.

54. At this point, Plaintiff had down time as he was about four (4) hours into his ten (10) hour shift.

55. Plaintiff went home to get extra socks and take a fifteen (15) minute break.

56. He was on break for a total of approximately 15 minutes.

## YOLANDA FALSELY CLAIMED PLAINTIFF WAS ON BREAK FOR TWO (2) HOURS AND STATED THAT HUMAN RESOURCES WOULD CONTACT HIM

57. When Plaintiff went back outside, Yolanda was standing by his vehicle.

58. Yolanda claimed Plaintiff had been on break for two (2) hours.

59. This was not true and Plaintiff attempted to explain this to Yolanda.

60. However, Yolanda would not listen to Plaintiff and claimed she called Plaintiff's work phone.

61. Plaintiff checked his call log, and Yolanda had not called him.

62. Yolanda stated Human Resources would contact him on or about January 23, 2025.

### DEFENDANT TERMINATED PLAINTIFF

63. On or about January 23, 2025, Yolanda called Plaintiff and terminated his employment.

64. The alleged reason for termination was "going MIA for two (2) hours", or words to that effect.

65. Plaintiff explained that everything would be tracked on his GPS and is on video.

66. Plaintiff explained he had to drive over an hour to get home from the drop off point he was at, but he was advised to do this.

67. Further, no one from Defendant contacted Plaintiff during this time as claimed by Yolanda.

68. Yolanda again refused to listen to Plaintiff and upheld his termination.

69. Others outside of Plaintiff's protected class, including, but not limited to, Kim LNU, Angel LNU and Latisha LNU were not terminated for taking breaks.

70. In addition, Myshay disappeared for a substantial period during her shift on two (2) occasions and was not disciplined or terminated.

71. Defendant's act and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

### COUNT I – GENDER DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

72. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

73. Plaintiff is a member of protected classes in that he is male.

74. Plaintiff was qualified to perform the job for which he was hired.

75. Plaintiff suffered adverse job actions, including, but not limited to termination.

76. Similarly situated people outside of Plaintiff's protected class were treated more

favorably than Plaintiff.

77. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

78. Defendant discriminated against Plaintiff on the basis of gender.

79. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

80. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT II – GENDER DISCRIMINATION
## PENNSYLVANIA HUMAN RELATIONS ACT

81. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

82. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his gender (male).

83. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT III – GENDER DISCRIMINATION
## PHILADELPHIA FAIR PRACTICES ORDINANCE

84. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

85. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of his gender (male).

86. As a result of Defendant's unlawful gender discrimination, Plaintiff has suffered damages as set forth herein.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Reginald Barbour, requests that the Court grant him the following relief against Defendants:

(a)   Compensatory damages;

(b)   Punitive damages;

(c)   Liquidated damages;

(d)   Emotional pain and suffering;

(e)   Reasonable attorneys' fees;

(f)   Recoverable costs;

(g)   Pre and post judgment interest;

(h)   An allowance to compensate for negative tax consequences;

(i)   A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII, the PHRA and the PFPO.

(j)   Order Defendants to institute and implement, and for its employees, to attend and/or otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k)   Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l)   Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and

10

65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

RESPECTFULLY SUBMITTED,

KOLLER LAW, LLC

Date: May 8, 2026                By:

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*